Provided to Madison C.I. on 08/10/23 for mailing by [initials]
Date Initials
WCL

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| UNITED STATES DISTRICT COURT | District: MIDDLE DISTRICT OF FLORIDA - JAX |
|---|---|
| Name (under which you were convicted): **WILLIAM COLE LAURAMORE** | Docket or Case No.: 3:23-cv-953-BJD-LLL |
| Place of Confinement: **Madison Correctional Institution 382 MCI Way, Madison FL 32340** | Prisoner No.: **# J58983** |
| Petitioner (include the name under which you were convicted) **WILLIAM COLE LAURAMORE** v. | Respondent (authorized person having custody of petitioner) **SECRETARY FLA. DEP'T OF CORRECTIONS** |
| The Attorney General of the State of: **FLORIDA** | |

FILED
2023 AUG 14 PM 2:14
CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE FLORIDA

**PETITION**

1. (a) Name and location of court that entered the judgment of conviction you are challenging:
Circuit Court - 8th Judicial Circuit – Baker County, Florida

(b) Criminal docket or case number (if you know): 2018-CF-000189CFAXMX

2. (a) Date of the judgment of conviction (if you know): June 4, 2019

(b) Date of sentencing: June 4, 2019

3. Length of sentence: Counts I & II (25 years + 2 years community control, + 8 years probation) Concurrently

4. In this case, were you convicted on more than one count or of more than one crime? ☑ Yes ☐ No

5. Identify all crimes of which you were convicted and sentenced in this case:

Count I: Burglary of a Dwelling while armed (F.S. §§ 810.02; 775.087(1))

Count II: Murder – Second Degree (F.S. §§ 782.04(2); 775.087(1), (2))

6. (a) What was your plea? (Check one)

☐ (1) Not guilty ☐ (3) Nolo contendere (no contest)

☑ (2) Guilty ☐ (4) Insanity plea

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? N/A

(c) If you went to trial, what kind of trial did you have? (Check one)

☐ Jury ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes ☑ No

8. Did you appeal from the judgment of conviction?

☑ Yes ☐ No

9. If you did appeal, answer the following:

(a) Name of court: District Court of Appeal - First District of Florida

(b) Docket or case number (if you know): 1D19-2511

(c) Result: Per Curriam Affirmed (no Opinion on the merits)

(d) Date of result (if you know): June 21, 2021/Mandate: July 27, 2021

(e) Citation to the case (if you know): *Lauramore v. State*, 320 So.3d 733 (Fla. 1st DCA 2021)

(f) Grounds raised: Anders Brief, followed by Additional Brief raising:

(I) Trial Court erred in relying on evidence from co-defendant's trial when sentencing [Petitioner]: (Anders Brief, and Additional Brief)

(II) Trial court erred in failing to conduct an adequate inquiring sufficient to determine [Petitioner's] competency, and the effects of PTSD medication on his competency to enter a plea.

(g) Did you seek further review by a higher state court? ☐ Yes ☑ No

If yes, answer the following:

(1) Name of court: N/A

(2) Docket or case number (if you know): N/A

(3) Result: N/A

(4) Date of result (if you know): N/A

(5) Citation to the case (if you know): N/A

(6) Grounds raised: N/A.

(h) Did you file a petition for certiorari in the United States Supreme Court? ☐ Yes ☑ No

If yes, answer the following:

(1) Docket or case number (if you know): N/A

(2) Result: N/A

(3) Date of result (if you know): N/A

(4) Citation to the case (if you know): N/A

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court? ☑ Yes ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: Circuit Court - 8th Judicial Circuit – Baker County, Florida

(2) Docket or case number (if you know): 2018-CF-000189 CFAXMX

(3) Date of filing (if you know): March 26, 2022

(4) Nature of the proceeding: Rule 3.850 Motion for Postconviction Relief

(5) Grounds raised: Ineffective Assistance of trial counsel for:

(1) Misadvising [Petitioner] to enter an open plea of guilty because the sentencing court would not impose a sentence higher than 15 years.

(2) Failing to object to [Petitioner] entering a plea while under the influence of psychotropic medication that affected his ability to fully understand the nature and consequences of his plea.

(3) Manifest Injustice warrants withdrawal of [Petitioner's] plea.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion? ☐Yes ☑No

(7) Result: Summarily Denied

(8) Date of result (if you know): July 18, 2022

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: Circuit Court - 8th Judicial Circuit – Baker County, Florida

(2) Docket or case number (if you know): 2018-CF-000189 CFAXMX

(3) Date of filing (if you know): ____________

(4) Nature of the proceeding: Rule 3.853 Motion for Postconviction DNA/Fingerprint testing

(5) Grounds raised: DNA and Fingerprints not tested will result in acquittal or new trial

(6) Did you receive a hearing where evidence was given on your petition, application, or motion? ☐Yes ☐No (still pending)

(7) Result: pending

(8) Date of result (if you know): pending

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court:__________________________________________

(2) Docket or case number (if you know):______________________________

(3) Date of filing (if you know): _________________________________

(4) Nature of the proceeding:___________________________________

(5) Grounds raised:________________________________________

(6) Did you receive a hearing where evidence was given on your petition, application, or motion? ☐ Yes ☐ No

(7) Result:________________________________________________

(8) Date of result (if you know):_________________________________

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition: ☑ Yes ☐ No

(2) Second petition: ☐ Yes ☐No (pending)

(3) Third petition: ☐ Yes ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not: N/A._______

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:** TRIAL COURT DEPRIVED PETITIONER OF HIS DUE PROCESS RIGHTS BY RELYING UPON FACTS AND EVIDENCE OUSTIDE THE RECORD TO IMPOSE HARSHER SENTENCE THAN THE ONE SOUGHT BY THE STATE, AND FAILED TO PROVIDE PETITIONER NOTICE AND OPPORTUNITY TO REBUT OR OTHERWISE CONTRADICT SAID FACTS AND EVIDENCE. THE COURT'S ACTIONS WERE IN CONTRAVENTION OF GARDNER V. FLORIDA, 430 U.S. 349, 97 S. Ct. 1197 (1977).

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The trial court violated Petitioner's due process rights when it imposed a harsher sentence upon him (25 years' incarceration, followed by two years community control), than the sentences imposed upon separate defendants, in separate trials, involving the same incident, who despite the State recommended 25 years, received 15 and 17-year sentences. Notably, in Petitioner's case, the State had recommended 15 years' incarceration but the trial court chose to impose a 25-year sentence. Notwithstanding the obvious disparity in sentencing, the more serious error here involves the trial court's reliance upon, and its admission on the record, that its decision to sentence Petitioner harsher was based, primarily, upon facts and evidence not in the record from Petitioner's proceeding, but rather, those learned by the court while presiding over the separate proceedings involving Cayden Lauramore (R 80, 83-85; 123; 136).

The trial court relied upon facts and evidence from a separate proceeding as the factual basis for its sentencing decision, and in doing so that court deprived Petitioner of Notice and the opportunity to rebut or contradict those extra record facts and evidence during sentencing. The court's impermissible reliance on facts outside the record was in contravention of the U.S. Supreme Court decision in *Gardner v. Florida,* 430 U.S. 349, 97 S. Ct. 1197 (1977), and the Fifth and Fourteenth Amendments to the U.S. Constitution.

The trial court's error here is fundamental in nature. As such, it is not subject to harmless error review. Fundamental errors that undermine the fairness of a proceeding are by definition harmful and thus not subject to harmless error review.

Under Florida and federal law, a sentencing Judge who intends to rely on any information not presented in open court during a defendant's proceeding, as the factual basis for the sentence to be imposed, must advise the defendant of that information and afford him an opportunity to rebut it at the sentencing proceeding.

The key consideration in this case involves whether the extra-record evidence relied upon by the trial court was widely known outside Petitioner's judicial proceeding. In Petitioner's case, it was not.

In sentencing Petitioner the trial court admitted on the record that it relied upon facts and evidence learned during the **separate trial and sentencing proceedings** in Cayden Lauramore's case, over which the sentencing Judge presided. Specifically, the trial court stated:

> "I just want to remind everyone that **I did preside over [Cayden Lauramore's] actual trial** ... so **I've heard evidence presented in that setting.**"

(R 80, 83). Finally, in its closing remarks after sentencing Petitioner to 25 years' incarceration, the court stated:

> "... it seems clear to the Court, based upon **the Court's understanding of the facts and evidence in this case,** that the appropriate sentence is 25 years..."

(R 123). There was no presentation of facts and evidence because Petitioner had entered an open plea.

There is no record evidence showing that the sentencing court gave Petitioner any notice of its intent to rely upon facts and evidence it had learned while presiding over the separate trial and sentencing of Cayden Lauramore. Neither is there any record evidence showing the court afforded Petitioner a fair opportunity to rebut, contradict, or otherwise impeach the testimony and evidence the court relied upon to impose Petitioner's harsher 25-year sentence. Moreover, the court's comments on the record sometimes appeared to confuse or conflate Petitioner with Cayden Lauramore because both proceedings stemmed from the same incident, regardless of the differences in roles and culpability as salient sentencing factors that must be considered

**individually** in order to impose a fair sentence. The Court also openly questioned why the State would seek a lesser sentence when the co-defendant had, in the Court's opinion, a lesser role in the crime (R 119-123).

U.S. Supreme Court jurisprudence, and Florida law both provide that when a defendant is sentenced based on facts and evidence not presented in open court, and that defendant is not given notice and fair opportunity to rebut or otherwise contradict said facts and evidence, the sentence must be vacated for being imposed in violation of the defendant's due process rights under the U.S. and Florida Constitutions. The same relief is warranted in Petitioner's case.

(b) If you did not exhaust your state remedies on Ground One, explain why: N/A

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☑ Yes ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: N/A

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes ☑ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: N/A

Name and location of the court where the motion or petition was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

(3) Did you receive a hearing on your motion or petition? ☐Yes ☐No

(4) Did you appeal from the denial of your motion or petition? ☐Yes ☐No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐Yes ☐No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: In Florida, claims of trial court errors are, generally, not cognizable in rule 3.850 motions for postconviction relief, and are confined to direct appeal proceedings.

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: None

**GROUND TWO:** THE TRIAL COURT DEPRIVED PETITIONER OF HIS DUE PROCESS RIGHTS BY FAILING TO ADEQUATELY AND SUFFICIENTLY INQUIRE, AT THE PLEA COLLOQUY, REGARDING:

(A) THE EFFECTS OF PSYCHOTROPIC MEDICATIONS BEING TAKEN BY PETITIONER ON HIS ABILITY TO KNOWINGLY AND VOLUNTARILY ENTER AN OPEN PLEA TO THE COURT; AND

(B) PETITIONER'S OVERALL COMPETENCY TO PROCEED AND UNDERSTAND THE SCOPE AND CONSEQUENCES OF ENTERING AN OPEN PLEA TO THE COURT.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

At the plea colloquy, Petitioner advised the trial court that he was being treated for PTSD and was taking Trazodone (Desyrel), a known psychotropic drug which produces multiple negative physical, emotional, and psychological side-effects. Relevant to Petitioner's ability to make a knowing and voluntary decision to enter an open plea, are the drug's negative emotional and psychological side effects, chief among them being anxiety, agitation, increased depression, sedation, lethargy, confusion, decrease short-term memory, diminished cognitive function, and suicidal ideation.

Significantly, the Braford County Jail medical staff managing Petitioner's Trazodone treatment normally dispensed the treatment around 5:00 - 6:00 p.m., however, on the day before appearing in court for his plea colloquy, Petitioner was not given his Trazodone dose until around 2 a.m. of the day he was going to court.

The record of the plea colloquy lacks any evidence showing that the trial court made any inquiries beyond the boilerplate question asking if he was taking any medication. This perfunctory question fell short of the Court's responsibility to ensure Petitioner's cognitive abilities had not been compromised so as to invalidate the entry of his plea for being unknowingly and involuntarily entered. The trial court made no inquiry regarding Petitioner's emotional state, whether he fully understood the harsh consequences of his plea, whether he understood the factual basis being relied upon, or when he last received medication – all salient factors to be considered by the Court when accepting Petitioner's open plea. It is no answer to cite to Petitioner's answers that he was well enough to proceed. These answers, without further inquiry from the court could not be relied upon unless an adequate inquiry was performed. Had Petitioner's cognition been compromised, they were meaningless.

Given Petitioner's well-documented history of mental health issues, it was particularly important, and necessary, for the trial court to develop sufficient facts on the record evidencing whether Petitioner was competent to proceed and could meaningfully participate in the resolution of the criminal proceeding against him with a full understanding of the facts, the charges, the nature of the plea, and the consequences of entering an open guilty plea to the court.

In Florida, the law is well-settled that mere perfunctory responses during a plea colloquy are generally inadequate to support a finding that the plea was knowingly and voluntarily entered. This is so because a guilty or not contest plea carries serious consequences not only affecting a defendant's liberty but also the waiver of fundamental constitutional rights. These consequences require the trial court to establish, on the record, that Petitioner's decisions were fully understood by him, and that his answers were unequivocal and uncompromised by the side-effects of psychotropic medications that adversely affected his memory and cognitive abilities to the point of rendering any binding legal decision unknowing and involuntary.

Therefore Petitioner believes in good faith that to cure the constitutional deprivations that stemmed from the trial court's failures to: (A) adequately and sufficiently inquire regarding the effects of the psychotropic medication being taken by Petitioner, and (B) regarding his competence to proceed before the plea colloquy, this Court should vacate his Judgment and Sentence and allow him to withdraw his plea, and make an informed decision as to whether he should enter another plea or proceed to a jury trial.

(b) If you did not exhaust your state remedies on Ground Two, explain why: N/A

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☑ Yes ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: N/A

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐Yes ☑No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: N/A

Name and location of the court where the motion or petition was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

(3) Did you receive a hearing on your motion or petition? ☐Yes ☐No

(4) Did you appeal from the denial of your motion or petition? ☐Yes ☐No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐Yes ☐No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: In Florida, claims of trial court errors are, generally, not cognizable in rule 3.850 motions for postconviction relief, and are confined to direct appeal proceedings.

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: None

**GROUND THREE:** TRIAL COUNSEL WAS INEFFECTIVE FOR MISADVISING PETITIONER TO ENTER AN OPEN PLEA TO THE COURT, WHERE COUNSEL KNEW OR SHOULD HAVE KNOWN OF SUBSTANTIAL EVIDENCE THAT CREATED REASONABLE DOUBT AS TO PETITIONER'S GUILT, YET HE ENTICED PETITIONER TO PLEA OPEN TO THE COURT BASED ON PERSONAL ASSURANCES THAT COUNSEL KNEW THE JUDGE AND THAT HE WOULD RECEIVE A SENTENCE UNDER 15 YEARS. UPON PETITIONER'S RELUCTANCE TO ENTER AN OPEN PLEA, COUNSEL THREATENED THAT IF HE WENT TO TRIAL HE WOULD RECEIVE A LIFE SENTENCE.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Petitioner was deprived of effective assistance of counsel as a result of trial counsel's unreasonable misadvice to enter an open guilty plea to the bench. As the basis for such advice, counsel assured Petitioner that the State would be recommending a maximum of 15 years' incarceration, that he knew the Judge, and that in the time that he had been practicing law, he never had a Judge impose a sentence above the maximum recommended by the State. When Petitioner showed reluctance to follow counsel's advice to enter an open guilty plea, counsel resorted to threats that if Petitioner went to trial and lost, he would receive a life sentence.

Considering counsel's advice and assurances to Petitioner (and his parents), that if he entered an open plea, he would likely receive six (6) to ten (10) years, but never more than fifteen (15) years, Petitioner reluctantly proceeded to enter an open plea based on counsel's advice and assurances.

The facts of Petitioner's case, however, painted a completely different picture. Counsel knew or should have known that a substantial amount of relevant material exculpatory evidence existed, which at minimum, created a substantial amount of reasonable doubt as to Petitioner's guilt.

Had counsel endeavored to adequately and sufficiently investigate the physical evidence, interview witnesses (Lay and Expert), as well as the officers involved in the investigation, he would have been able to pursue a viable defense that was diametrically opposed to the fatal advice he provided to Petitioner.

Any reasonably competent criminal attorney knows the importance of submitting the State's case to meaningful adversarial testing. In fact, the U.S. Supreme Court considered such failure as the basis for creating a narrow exception to the requirement set forth in *Strickland v. Washington*, to demonstrate prejudice from counsel's deficiency. In *U.S. v. Cronic*, 466 U.S. 648, 658-60 (1984), the Court held that when counsel fails to subject the State's case to meaningful adversarial testing, prejudice is presumed.

Incorporated herein is Defendant's Rule 3.853 motion attached to the motion to stay proceeding, and specifically, the factual allegations recited therein.

Here, the investigating officers from the Baker County Sheriff's Office honed in on a theory provided by the alleged victims in this case, but failed to perform an impartial investigation of the facts and evidence collected after the shoot-out that ultimately cost the life of Petitioner's brother (Corey Alan Lauramore).

Had counsel performed even a cursory investigation, he would have discovered that both Petitioner and his brother Corey were shot in the back of the head as they ran from a hail of bullets from automatic assault rifles that were fired from inside the alleged Burglary victim's home. The physical evidence collected, but never fully investigated, clearly showed that the person who claimed to be the shooter from the victim's home, was tested for gunshot residue (GSR) twice (Body and Clothes) shortly after the shooting, and inexplicably tested negative for GSR both times.

On the other hand, the actual shooter Kyle Raulerson was busy posting on social media bragging about how he shot Corey and his brothers (including Petitioner). Neither police, nor trial counsel bothered to investigate this relevant material evidence which amounted to a confession of the killing of Corey Lauramore. The same stream of social media posts likewise negated the alleged victims' account that Petitioner and his brothers were committing a burglary when the victim's opened fire. There was evidence showing that Petitioner and his brothers were lured to the scene in an old-fashioned ambush designed with the premeditated objective of killing the Lauramore brothers.

Had counsel investigated the plethora of evidence that was readily available, there would have been grounds for a viable defense with a reasonable probability of success. Instead, counsel chose to scare Petitioner into an open plea to the court which resulted in the harshest sentence imposed in this case.

As stated, counsel was ill-prepared to proceed to trial in Petitioner's case and rather than properly investigate and meaningfully contest the State's case, chose instead to give up and simply advise Petitioner to enter an open plea to the bench with the excuse that he would not receive a sentence higher than fifteen 15 years, and likely would receive 6 to 10 years.

Petitioner contends that under *Cronic*, counsel's failure to subject the State's case to meaningful adversarial testing warrants a presumption of prejudice. That prejudice was further aggravated by counsel's flawed and unreasonable advice that Petitioner's best course of action was to enter an open guilty plea to the bench.

Because there is no question as to trial counsel's failures and, in this case, prejudice is presumed, Petitioner believes in good faith that relief is warranted due to violations of his constitutional due process right to a fair trial and effective assistance of counsel under the Fifth, Sixth, and Fourteenth Amendments to the U.S. Constitution.

(b) If you did not exhaust your state remedies on Ground Three, explain why: Ground Three was Exhausted

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☐ Yes ☑ No

(2) If you did not raise this issue in your direct appeal, explain why: In Florida, claims of Ineffective Assistance of Counsel are, generally, not cognizable on direct appeal, unless they are evident from the face of the record.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Rule 3.850 Motion for Postconviction Relief

Name and location of the court where the motion or petition was filed: Circuit Court - 8th Judicial Circuit of Florida, Baker County, Florida

Docket or case number (if you know): 2018-CF-000189CFAXMX

Date of the court's decision: June 29, 2022

Result (attach a copy of the court's opinion or order, if available): Summarily Denied

(3) Did you receive a hearing on your motion or petition? ☐Yes ☑No

(4) Did you appeal from the denial of your motion or petition? ☑Yes ☐No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☑Yes ☐No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: District Court of Appeal – First District of Florida

Docket or case number (if you know): 1D22-2212

Date of the court's decision: January 27, 2023 (Mandate: 2/15/2023)

Result (attach a copy of the court's opinion or order, if available): Per Curiam Affirmed without a written opinion on the merits. See *Lauramore v. State*, 2023 Fla. App. LEXIS 594 (Fla. 1st DCA 2023)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: N/A

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: None

**GROUND FOUR:** TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO OBJECT TO, OR OTHERWISE PREVENT, PETITIONER'S ENTRY OF AN OPEN PLEA TO THE COURT WHILE UNDER THE INFLUENCE OF A POWERFUL PSYCHOTROPIC MEDICATION WHICH RENDERED PETITIONER UNABLE TO FULLY UNDERSTAND THE NATURE AND CONSEQUENCES OF HIS OPEN PLEA TO THE COURT.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

As Petitioner explained in Ground Two of the instant petition, the entry of his plea cannot be deemed to have been knowingly and voluntarily entered because he was, at the time of his plea colloquy, under the influence of a powerful psychotropic medication called Trazodone (Desyrel). This drug is well known to cause a number of negative side effects that include anxiety, increased depression, sedation, lethargy, confusion, decreased short-term memory and, most relevant to this claim, diminished cognitive function.

Counsel knew that Petitioner had a long history of mental health issues, and that he was being treated for PTSD with Trazodone. He also knew that Petitioner had been diagnosed with a Thyroid gland disorder which caused him to be in a mental fog, lethargic, and often feeling light headed, dizzy, and with blurred vision. All directly related to his Trazodone treatment. As such, it was incumbent upon trial counsel to ensure, on the record, that Petitioner was competent to proceed, especially at such a critical stage of the criminal proceeding against him, where he was going to waive fundamental constitutional rights such as the right to a jury trial and the right to confront witnesses, among others.

In Florida, the trial court can, *sua sponte*, order a competency evaluation of a criminal defendant when there are factors or behaviors which could impair a defendant's competency to proceed and meaningfully participate in his defense. This duty to ensure competency is not limited to the trial court, it extends to the State, and more importantly, to trial counsel. See Fla. R. Crim. P. 3.210, 3.211, and 3.212.

The key question here is whether it was reasonable for trial counsel, knowing what he knew at the time about Petitioner's history of mental health issues; his on-going PTSD treatment with Trazodone – along with its many negative side effects – and Petitioner's signs that he was adversely affected by this treatment, to allow the entry of an open guilty plea to the bench.

Given the serious consequences resulting from the entry of an open guilty plea, it was unreasonable for trial counsel to allow Petitioner to waive fundamental constitutional rights while under the influence of a powerful psychotropic drug (Trazodone) that altered his cognitive abilities and impaired his ability to make meaningful knowing and voluntary decisions with legally binding effects on constitutional rights that affected his liberty interests.

Counsel's failure to assist Petitioner's rights and to otherwise endeavor in vigorously defending Petitioner during the entry of an already ill-advised open plea, was further compounded by his negligent failure to investigate the plethora of likely exculpatory evidence that was readily available at the time, and which had been conveniently ignored by law enforcement in favor of pursuing an all-too-convenient narrative provided by

the so-called victims in this case, i.e., that Petitioner's and his brothers were engaged in the preparation of a robbery when they were fired upon by them.

The fact is that Petitioner and his brothers were first lured and then ambushed as they arrived where the so-called victims were laying in wait with guns ready to fire. More importantly, the physical evidence from the scene and the compulsive stream of social media postings by Kyle Raulerson (the actual and admitted shooter) were likely exculpatory and, at minimum, created strong reasonable doubt as to Petitioner's culpability in the death of his brother Corey.

Given the facts outlined herein, it was certainly unreasonable for counsel to simply stand by as Petitioner was processed through a perfunctory plea colloquy, where his constitutional rights were slaughtered without anyone to protect him and his rights, as he answered boilerplate questions from the trial court.

In sum, here, counsel failed to perform as the counsel envisioned by the Sixth Amendment right to effective assistance. He first failed to investigate likely exculpatory evidence which would have, at minimum, created strong reasonable doubt as to Petitioner's guilt, then misadvised Petitioner to enter an open guilty plea, and finally, stood by as Petitioner entered an open plea while under the influence of a powerful psychotropic drug which substantially affected Petitioner's cognitive ability. This rendered Petitioner's plea unknowing and involuntary.

Under *Strickland,* Petitioner has provided sufficient facts to establish both deficiency and prejudice to warrant an order from this court vacating his Judgment and Sentence with directions for the trial court to allow Petitioner the opportunity to withdraw his open plea and return to a pre-trial posture where he can make an informed decision as to whether he wishes to enter a negotiated plea or proceed to a jury trial.

(b) If you did not exhaust your state remedies on Ground Four, explain why: N/A

(c) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☐ Yes ☑ No

(2) If you did not raise this issue in your direct appeal, explain why: In Florida, claims of Ineffective Assistance of Counsel are, generally, not cognizable on direct appeal, unless they are evident from the face of the record.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Rule 3.850 Motion for Postconviction Relief

Name and location of the court where the motion or petition was filed: Circuit Court - 8th Judicial Circuit of Florida, Baker County, Florida

Docket or case number (if you know): 2018-CF-000189CFAXMX

Date of the court's decision: June 29, 2022

Result (attach a copy of the court's opinion or order, if available): Summarily Denied

(3) Did you receive a hearing on your motion or petition? ☐Yes ☑No

(4) Did you appeal from the denial of your motion or petition? ☑Yes ☐No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☑Yes ☐No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: District Court of Appeal – First District of Florida

Docket or case number (if you know): 1D22-2212

Date of the court's decision: January 27,2023

Result (attach a copy of the court's opinion or order, if available): Per Curiam Affirmed without a written opinion on the merits. See *Lauramore v. State*, 2023 Fla. App. LEXIS 594 (Fla. 1st DCA 2023).

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: N/A

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: None

13. Please answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction? ☑ Yes ☐ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: N/A

(b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

None

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition? ☐ Yes ☑ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. N/A

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging? ☑ Yes ☐ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. Circuit Court – 8th Judicial Circuit, Baker County, Florida. Case No.: 2018-CF-000189CFAXMX. Fla.R.Crim.P. 3.853 motion seeking DNA and Fingerprint testing as the basis for additional collateral attacks upon Petitioner's Judgment of conviction in State Court. That motion has been attached hereto for this Court's reference without the voluminous exhibits. Because 3.853 motions for postconviction DNA/Fingerprint testing are not collateral attacks upon the state judgment, they have been held to not toll the AEDPA period of limitations. As such, Petitioner is also filing herewith a "Motion to Stay and Abey" the instant proceeding pending the results of the rule 3.853 motion, which may well result in a new trial and render moot any further proceedings in this Court.

Petitioner's filing of the motion to stay and abey seeks to preserve his timely filing of the instant petition within the one-year period of limitations established by the AEDPA. This course of action is consistent with the one suggested by the U.S. Supreme Court in *Pace v. DiGuglielmo*, 544 U.S. 408, 125 S.Ct. 1807 (2005), involving the "filing of a 'protective' petition... asking the federal court to stay and abey the federal habeas proceeding until state remedies are exhausted" Id. at 416-417. Petitioner is filing the motion to stay and abey in good faith, and not in an attempt to delay proceedings. See also *Rhines v. Weber*, 544 U.S. 269, 278, 125 S.Ct. 1528 (2005). See Appendix – A.

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: Public Defender's Office – Baker County, FL

(b) At arraignment and plea: Public Defender's Office – Baker County, FL

(c) At trial: Donald B. Mairs, Esq. (FBN: 777234)

(d) At sentencing: Donald B. Mairs, Esq. (FBN: 777234)

(e) On appeal: Harold D. Thompson, Esq. (FBN: 0097355)

(f) In any post-conviction proceeding: Harold D. Thompson, Esq. (FBN: 0097355)

(g) On appeal from any ruling against you in a post-conviction proceeding: Harold D. Thompson, Esq. (FBN: 0097355)

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? ☐ Yes ☑ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: N/A

(b) Give the date the other sentence was imposed: N/A

(c) Give the length of the other sentence: N/A

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future? ☐ Yes ☑ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

Petitioner's judgment became final on June 21, 2021, upon the issuance of the Order per curiam affirming the judgment on direct appeal (Case No. 1D19-2511).

The AEDPA one-year period of limitations began to run on September 19, 2021, upon the expiration of the 90 day period in which to seek certiorari review in the U.S. Supreme Court.

After 188 days had elapsed, the AEDPA clock was stopped on March 26, 2022, upon Petitioner's timely and proper filing of his Rule 3.850 Motion for Postconviction relief in state court. At that point, there were 177 days left in the AEDPA period of limitations. Petitioner's Rule 3.850 motion was summarily

denied on June 29, 2022, and he timely sought collateral Postconviction review in the appellate court under case number 1D22-2212.

The AEDPA period of limitations began to run again on February 15, 2023, upon the issuance of the Mandate in case number 1D22-2212.

As of February 15, 2023, Petitioner had 211 days left in his AEDPA period of limitations, or until August 11, 2023, to file his 28 U.S.C. § 2254 Federal Habeas petition.

This petition is being timely filed on or before August 11, 2023.

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: (1) VACATE THE JUDGMENT AND SENTENCE, ALLOW PETITIONER TO WITHDRAW HIS PLEA, AND GRANT A NEW TRIAL, or any other relief to which petitioner may be entitled.

N/A
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on July 7, 2023(month, date, year).

Executed (signed) on August 10, 2023 (date).

PETITIONER
WILLIAM COLE LAURAMORE (DC# J58983)

William Lauramore
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition. N/A